IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,607-02 & WR-77,607-03






EX PARTE OSCAR NATHANIEL SCOTT, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1208957 IN THE 263RD DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam. Alcala, J., not participating

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to five years' imprisonment. The First Court of Appeals
affirmed his conviction. Scott v. State, No. 01-09-00928-CR (Tex. App. - Houston [1st Dist.],
September 23, 2010, pet. ref'd.).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel, knowing that Applicant was concerned about having his commercial driver's license
suspended as a result of a conviction in this case, failed to investigate available avenues for
reinstatement of the license. Applicant alleges that had he known that he could petition to have his
commercial driver's license reinstated after conviction under Section 521.242 of the Texas
Transportation Code, he would have accepted the State's plea offer rather than insisting on going
to trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 
Specifically, trial counsel shall state whether he investigated the possibility of reinstatement of
Applicant's commercial driver's license, and if so, whether he advised Applicant that he could
petition under Section 521.242 to have his license reinstated, even if he pleaded guilty to this
offense. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: November 14, 2012

Do not publish